## MAGIN *v.* McKAY.

## SAME *v.* WELKER.

### (*Circuit Court, N D. New York.* August 20, 1885.)

PATENTS FOR INVENTIONS—ANTICIPATION—INVENTION—APPARATUS FOR COOLING AND DRAWING BEER.
   Patent No. 248,646, granted to Charles Gordon, October 25, 1881, for an improvement in apparatus for cooling and drawing beer, *held* void as to claims 1, 3 and 4.

In Equity.
*George B. Selden,* for plaintiff.
*Josiah Sullivan,* for defendants.

BLATCHFORD, Justice. These suits are brought on letters patent No. 248,646, granted to Charles Gordon, October 25, 1881, for an "improvement in apparatus for cooling and drawing beer." The specification says: "My invention relates to an improved apparatus having for its object the keeping of beer, ale, or other liquid at a low temperature during the operation of drawing the same for consumption; and it consists in surrounding the supply-pipe through which the beer is delivered to the faucet with a cold-air passage, for the purpose of maintaining a low temperature in the liquid in the supply-pipe. My invention also consists in surrounding the cold-air passage and the faucet with a non-conducting jacket, and in the combination with the ice-box, and the lower chamber for storing the beer, of the supply-pipe and the cold-air passage communicating between the ice-box and chamber, as hereinafter more fully set forth." A keg of the liquid is placed in a chamber in the cellar. A supply-pipe leads upward from it to a faucet from which the liquid is drawn for consumption. An outer pipe surrounds the supply-pipe, leaving an air space around it, its whole length, from the lower chamber to an upper ice-box, through which the supply-pipe passes, and with which the outer pipe is connected. As many supply-pipes as are used may pass through the air space. A non-conducting jacket surrounds the outer pipe. The air, cooled by the ice in the ice-box, and the water produced by the

melting of the ice, flow down through the air space and reduce the temperature of the liquid in the supply-pipe. An air-forcing apparatus connected with the keg forces up the liquid. A pipe packed with a non-conducting substance surrounds the faucet. There are four claims: (1) The combination of the ice-box, supply-pipe, faucet, and cold-air passage surrounding the supply-pipe; (2) the combination with the ice-box of the supply-pipe and faucet, the latter having its jacket; (3) the combination with the ice-box, supply-pipe, and faucet, of the cold-air passage and the non-conducting jacket of the latter; (4) the combination of the ice-box, supply-pipe, faucet, lower chamber, and cold-air passage communicating between the ice-box and the lower chamber.

In the McKay suit infringement is alleged of claims 1 and 4; in the Welker suit, of claims 1, 3, and 4. Gordon made his invention in June, 1879. So far as claims 1 and 4 are concerned, the invention was anticipated by an apparatus invented and put in use by one Meinhard, in Rochester, New York, in the summer of 1877, and which was continued in use about four years. That apparatus had the upper ice-box, the supply-pipe, the faucet, the lower chamber, and the cold air-passage surrounding the supply-pipe, and communicating between the ice-box and the lower chamber. It had three faucets, each with a supply-pipe. Each supply-pipe led separately to a barrel in the lower chamber, and each was surrounded by a cold-air passage, created, as to its upper part, by a surrounding tin pipe, and as to its lower part by a rubber hose, which embraced closely the lower end of the tin pipe. The water of the melted ice, and the cold air, flowed down around the supply-pipe into the lower chamber. The lower ends of the three pieces of rubber hose went into the lower chamber through a common opening, and it was not tightly closed around them. But the apparatus was a practical and successful one, and embodied the same principle as that of Gordon. It may have been inferior in degree in utility and perfection, but the invention was there, and the apparatus continued in use for nearly two years after Gordon obtained his patent. It did not contain the non-conducting jacket surrounding the outer wall of the cold-air passage, which is a feature in claim 3 of the patent, but there was no patentable invention in adding a non-conducting jacket to the elements found in claim 1, or to those found in claim 4. The jacket is merely a space filled with non-conducting material, to prevent the absorption of heat by the air in the cold-air passage. It was common knowledge, and not invention, to add this to what Meinhard had.

The bills are dismissed, with costs.